IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Amerisure Mutual Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:21-3696-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Metal Masters, Inc., Robert Dee Weist, | ) | |
| Individually and as Personal Representative | ) | |
| for the Estate of Kathy Lynn Weist, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Robert Dee Weist's ("Weist"), Individually and as Personal Representative for the Estate of Kathy Lynn Weist, motion to dismiss or stay this action. After review, the court grants Weist's motion to dismiss.

**I. FACTUAL BACKGROUND**

Amerisure Mutual Insurance Company ("Amerisure") filed this declaratory judgment action on November 10, 2021, seeking a declaration that it neither has a duty to defend nor a duty to indemnify Metal Masters, Inc. ("Metal Masters") in connection with Weist v. Air & Liquid Systems Corporation, No. 2020-CP-40-01597 (Richland Cnty., S.C. Ct. C.P.) ("Weist Suit"), a civil case in South Carolina State Court. (Compl., generally, ECF No. 1.) Amerisure alleges that it has "after diligent search, been unable to locate specific policies issued to Metal Masters but has uncovered materials that suggest that Amerisure may have issued policies of insurance to Metal Masters in a period from 1988 to 1992." (Id. ¶ 19, ECF No. 1.) However, Amerisure seeks a declaration that it is not obligated to defend or indemnify Metal Masters

1

because (1) it did not receive timely notice of the Weist Suit, which requirement was "likely included" in "[a]ny insurance policy issued to Metal Masters," (2) Metal Masters failed to comply with the cooperation clause that was "likely" included in "any insurance policy issued to Metal Masters," and (3) "[i]t is likely that any insurance policy issued to Metal Masters by Amerisure . . . included a provision stating that Amerisure's coverage obligations may be in excess of or appropriately pro-rated if other insurance coverage existed for a particular claim against the insured. (Id. ¶¶ 27, 33, 39, ECF No. 1.)

The Weist Suit alleged that Kathy Weist developed mesothelioma because of secondary exposure to asbestos via her father's workplace exposure during the time period of 1957 until 1977, and via her father, uncle, and husband, who were exposed to asbestos while working at a turkey-processing plant in Newberry, South Carolina ("Newberry Plant") during the time period of 1980 to 1983. (Compl. ¶ 12, ECF No. 1); (Mem. Supp. Mot. Dismiss 2, ECF No. 17-1.) The Weist Suit was filed against numerous defendants, including Metal Masters, The Kraft Heinz Company ("Kraft Heinz"), and Mondelez International, Inc. ("MDLZ").

In the Weist Suit, the Continental Insurance Company ("Continental"), through its agent Resolute Management, Inc., defended MDLZ and Kraft Heinz under applicable insurance policies. Amerisure has not been involved in the defense of Metal Masters in the Weist Suit. (Compl. ¶ 15, ECF No. 1.) According to the complaint, Amerisure was unaware of the Weist Suit until September 22, 2021, one day before a verdict was returned in the case, when it received correspondence from PolicyFind, an agent for Metal Masters, notifying Amerisure of evidence of insurance and requesting that Amerisure defend and indemnify Metal Masters in the

Weist Suit. (Id., ECF No. 1.) PolicyFind mailed the correspondence to Amerisure on September 15, 2021, by Certified Mail, Return Receipt Requested. (Id., ECF No. 1.)

The Weist Suit is assigned in state court to the Honorable Jean H. Toal ("Justice Toal"), retired Chief Justice for the Supreme Court of South Carolina, who has been assigned to hear asbestos cases in South Carolina. Weist settled with 41 defendants prior to trial in the Weist Suit. (Id. ¶ 13, ECF No. 1.) The case proceeded to trial against two remaining defendants, Metal Masters and Kraft Heinz. On September 23, 2021, the jury rendered a verdict in the amount of $22 million in actual damages against both Kraft Heinz and Metal Masters and of $10 million in punitive damages against Kraft Heinz alone ("Weist Verdict"). (Id. ¶ 14, ECF No. 1.) There are post-trial motions pending in the Weist Suit. (Id., ECF No. 1.)

Amerisure filed the instant declaratory judgment action against Metal Masters and Weist on November 10, 2021, seeking a declaration that it owes no coverage obligation for the Weist Verdict. (Compl. ECF No. 1.) Continental filed a declaratory judgment action against its insureds, MDLZ and Kraft Heinz, in the Circuit Court of Cook County, Illinois, Chancery Division, on November 19, 2021, seeking a declaration that it owes no coverage obligation for the Weist Verdict ("Illinois Suit"). (Mem. Supp. Mot. Dismiss Ex. 1 (Illinois Suit), ECF No. 17-1.) MDLZ and Kraft Heinz filed a motion to dismiss or stay the Illinois action on December 21, 2021. (Id. Ex. 2 (Mot. Dismiss Illinois Suit), ECF No. 17-2.)

In addition, on December 20, 2021, MDLZ and Kraft Heinz filed an action against Continental, Certain Underwriters at Lloyd's, London, various London Market Insurers, and Weist, to determine the insurance coverage for the underlying Weist Verdict in South Carolina state court ("State Coverage Action"). (Mem. Supp. Mot. Dismiss Ex. 3 (State Coverage Action

Compl.), ECF No. 17-3.) As with the Weist Suit, Justice Toal has been assigned the State Coverage Action. Subsequently, on December 30, 2021, Weist filed a third-party complaint in the State Coverage Action against Amerisure and Metal Masters seeking "a declaration that Amerisure must pay its insurance policies to the *Weist* verdict." (Mot. Dismiss Ex. 4 (Ans. & Third Party Compl. ¶ 48), ECF No. 17-4.)

The State Coverage Action, which includes Weist and all alleged insurers, seeks declarations regarding the obligations of the insurers with respect to the Weist verdict and alleges breach of contract damages against some of the alleged insurers. (Id. Ex. 3 (State Coverage Action), ECF No. 17-3.) On December 31, 2021, Weist moved to dismiss, or, in the alternative, stay the instant case on the grounds that the court should decline jurisdiction of this declaratory judgment action based on (1) the factors set forth in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994), overruled on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995); (2) the existence of important state public policy interests; and (3) the Colorado River[1] doctrine, "to conserve judicial resources and avoid duplicate actions." (Id., ECF No. 17.) Metal Masters filed a response in support of Weist's motion on January 3, 2022. (Resp. Supp., ECF No. 18.) Amerisure filed a memorandum in opposition on January 14, 2202. (Resp. Opp., ECF No. 22.) Weist did not file a reply. This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

The Federal Declaratory Judgment Act provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

---

[1] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

further relief is or could be sought." 28 U.S.C. § 2201(a). "[A] declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton, 515 U.S. at 282. "[A] federal court should [o]rdinarily decline, for reasons of efficiency and comity, to grant declaratory relief where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Nautilus Ins. Co., 15 F.3d at 377.[2]

In Nautilus, the Fourth Circuit set forth four factors for the court to consider in determining whether to consider claims for declaratory relief where there is parallel state litigation:

> (I) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law' . . . [and (iv)] whether the declaratory judgment action is being used merely as a device for procedural fencing-that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

---

[2] Amerisure alleges that Weist has waived any abstention argument for failing to raise this defense in the answer. (Resp. Opp'n 6, ECF No. 22.) However, "a district court's power to raise issues of abstention from jurisdiction sua sponte is well-settled." Penn-Am. Ins. Co. v. White Pines, Inc., 387 F. Supp. 3d 646, 651 (E.D. Va. 2019) (citing Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 (1959)); see also Donohoe Const. Co. v. Maryland-Nat'l Capital Park & Planning Comm'n., 398 F. Supp. 21, 23 (D. Md. 1975) (addressing sua sponte abstention under Declaratory Judgment Act). Therefore, the court will consider the merits of the abstention argument.

15 F.3d at 377 (citations and internal quotation marks omitted). "A district court has 'wide discretion' in applying these factors, but '[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" Allstate Prop. & Cas. Ins. Co. v. Cogar, 945 F. Supp. 2d 681, 687 (N.D. W. Va. 2013) (quoting Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257 (4th Cir. 1996)). While weighing these factors, the court should remain mindful of the two principal criteria guiding the policy in favor of rendering declaratory judgments: (1) when the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue," and (2) when it "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 594 (4th Cir. 2004) (quoting Aetna Cas & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

The Nautilus factors collectively weigh in favor of dismissal of this action. The issues raised in this case can be fully resolved in the State Coverage Action, and the state has an interest in having this action decided in state court. Amerisure alleges that it has no obligation to defend or indemnify Metal Masters because (1) it failed to comply with the timely notice provision that was likely present in any insurance contract issued to Metal Masters, (2) it failed to comply with the cooperation clause that was likely present in any insurance contract issued to Metal Masters, and (3) any insurance policy issued to Metal Masters likely "included a provision stating that Amerisure's coverage obligations may be in excess of or appropriately pro-rated if other insurance coverage existed for a particular claim against the insured," to the extent there is other insurance. (Compl. ¶¶ 27, 33, 39, ECF No. 1.)

Typically, "the routine application of settled principles of insurance law to particular disputed facts" are not difficult or problematic questions of state law. Great Am. Ins. Co. v. Gross, 468 F.3d 199, 211 (4th Cir. 2006). However, the instant case invokes unsettled principles of South Carolina insurance law that have the potential to affect plaintiffs, defendants, and insurers in other asbestos cases because the interpretation of the relevant policy provisions will repeatedly arise in South Carolina asbestos cases. See id. at 211 (stating district courts may decline jurisdiction where there is a question of state law that is "unsettled").

Specifically, the court that decides these claims will need to address the issues in the unique context of asbestos cases, where the alleged bodily injury often does not appear until decades after exposure. It is difficult to identify potential insurance coverage due to the passage of time. The insurance policies are often not available, and loss must be allocated among numerous insurers. In the State Coverage Action complaint, the plaintiffs, MDLZ and Kraft Heinz ("State Coverage Action Plaintiffs"), seek a declaration that "Weist must seek and apply any amounts received from Amerisure, on behalf of Metal Masters, to reduce the amount payable by the [State Coverage Action Plaintiffs'] Insurers, under [their] policies, or by [the State Coverage Action] plaintiffs." (Mem. Supp. Mot. Dismiss Ex. 3 (State Coverage Action Compl. ¶ 71), ECF No. 17-3.) Further, "South Carolina courts have a strong interest in resolving these matters for the sake of efficient, consistent, and complete adjudication of asbestos-related South Carolina insurance law." Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Covil Corp. by Protopapas, No. CV 6:20-1729-BHH, 2021 WL 1227085, at *3 (D.S.C. Mar. 31, 2021).

In addition, the state court certainly can resolve the issues in this case more efficiently in the State Coverage Action.

> In evaluating these efficiency concerns, the Supreme Court has directed us to focus primarily on whether the questions in controversy between the parties to the federal suit . . .can better be settled in the proceedings that are already pending in the state courts. This in turn requires careful inquiry into the scope of the pending state court proceedings, including such matters as whether the claims of all parties in interest to the federal proceeding can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, and whether such parties are amenable to process in that proceeding.

Gross, 468 F.3d at 211-12 (internal quotation marks and alterations omitted). The State Court Coverage Action is more comprehensive, involving additional defendants and claims, would resolve all of the issues that are present in this instant action, and would bring all the relevant insurers and parties together in one action. Poston, 88 F.3d at 258 (finding it "particularly salient [that] the state court action contains a defendant and a number of issues not present in the federal action"). Moreover, Justice Toal heard the Weist Suit and is exceedingly familiar with the underlying facts and issues in this case. Wilton, 515 U.S. at 288 ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.")

Further, the instant action would result in entanglement between the federal and state court systems and "retention of federal jurisdiction could frustrate portions of the state court proceedings." Allstate, 945 F. Supp. 2d at 691. This case and the underlying State Coverage Action involve a wealth of overlapping factual and legal issues regarding whether Amerisure provides insurance coverage for the Weist Suit. In addition, any allocation of loss from available insurance proceeds can be addressed in the State Coverage Action.

Under the facts of this case, the court declines to place "undue significance" on which case was first filed. Prior to Amerisure initiating this lawsuit, Metal Masters made a demand, requesting that Amerisure defend and indemnify it in the Weist lawsuit, which provided constructive notice of Metal Masters' intent. (Compl. Ex. A (Policy Find Letter), ECF No. 1-1 and 1-2.); Poston, 88 F.3d at 258 (declining to "place undue significance on the race to the courthouse door" where insurer had constructive notice of intent to sue).

Amerisure argues that the State Coverage Action is not a parallel action because the declaratory judgment claims are asserted by Weist against Amerisure and Metal Masters in a Third Party Complaint. However, the very issues raised in this case are raised in the State Coverage Action Third Party Complaint against the same parties. (Mem. Supp. Mot. Dismiss Ex. 4 (Ans. & Third Party Compl.), ECF No. 17-4.) Thus, although there are additional claims against other insurers in the State Coverage Action, a parallel proceeding is pending by virtue of the Third Party Complaint. Moreover, the State Coverage Action plaintiffs request a declaration that Weist "must seek" coverage from Amerisure on behalf of Metal Masters. (Id. Ex. 3 (State Coverage Action Compl. ¶ 71), ECF No. 17-3.) The existence of a parallel state action is an important factor. Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir. 1998). However,

> [t]here is no requirement that a parallel proceeding be pending in state court before a federal court should decline to exercise jurisdiction over a declaratory judgment action. Rather, . . . [t]he existence or nonexistence of a state court action is simply one consideration relevant to whether to grant declaratory relief. To hold otherwise would in effect create a per se rule requiring a district court to entertain a declaratory judgment action when no state court proceeding is pending. Such a rule would be inconsistent with our long-standing belief that district courts should be afforded great latitude in determining whether to grant or deny declaratory relief.

Id. Irrespective, there is a state court proceeding pending that encompasses the issue raised in the instant action.[3]

Based on the foregoing, the balance of the Nautilus factors weigh in favor of dismissal.[4]

It is therefore

**ORDERED** that Weist's motion to dismiss, docket number 17, is granted, and this action is dismissed without prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 28, 2022

---

[3] Amerisure generally alleges that the Third Party Complaint in the State Coverage Action is not properly asserted via third party practice. Specifically, Amerisure submits that its "purported joinder in that action as a third-party defendant is improper because it is not in accord with the requirement that the claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' as the other claims in the case." (Resp. Opp'n Mot. Dismiss 3-4, (quoting S.C. R. Civ. P. 20(a)), ECF No. 22.) There is insufficient information before the court to address this passing argument. However, as discussed previously, the State Coverage Action plaintiffs seek declarations regarding Amerisure's alleged insurance coverage for Metal Masters. (Mem. Supp. Mot. Dismiss Ex. 3 (State Coverage Action Compl. ¶ 71, ECF No. 17-3.) Of course, Amerisure can raise this argument in the State Coverage Action.

[4] The court declines to address Weist's remaining arguments.

10